*790 SUMMARY ORDER
Plaintiffs John and Kathy Stepniak appeal from a judgment entered September 25, 2007, dismissing their complaint without prejudice for lack of subject matter jurisdiction. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
We review a district court’s dismissal of a complaint for lack of standing de novo, “accepting as true all material allegations in the complaint and construing the complaint in favor of the complaining party.” Fuentes v. Bd. of Educ., 540 F.3d 145, 148 (2d Cir.2008). To establish constitutional standing, a plaintiff must show 1) a concrete, particularized, and actual or imminent injury; 2) that is fairly traceable to the defendant’s allegedly unlawful conduct; and 3) that is likely to be redressed by the requested relief. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).
Although “[sjtanding represents a jurisdictional requirement which remains open to review at all stages of the litigation,” Nat’l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994), initial standing to bring suit is a separate inquiry from post-commencement mootness. See Friends of the Earth, 528 U.S. at 174, 120 S.Ct. 693. “Standing doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake. In contrast, by the time mootness is an issue, the ease has been brought and litigated, often (as here) for years. To abandon the case at an advanced stage may prove more wasteful than frugal.” Id. at 191-92, 120 S.Ct. 693.
At the pleading stage, general factual allegations of injury resulting from the defendant’s conduct will suffice to allege standing. If the defendant files a motion to dismiss for lack of jurisdiction, thus putting the plaintiffs Article III standing in issue, a district court may conduct limited discovery on the jurisdictional issue and resolve the matter on motion supported by affidavits, or, if a genuine issue of material fact exists, may conduct an evidentiary hearing. Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 88 (2d Cir.2006). However, at the summary judgment stage, “mere allegations of injury are insufficient. Rather, a plaintiff must establish that there exists no genuine issue of material fact as to justiciability.” Dep’t of Commerce v. U.S. House of Representatives, 525 U.S. 316, 329, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999). To establish standing, plaintiffs can rely on affidavits and other evidence beyond the pleadings. Id. at 330, 119 S.Ct. 765.
Here, there is no dispute that the Stepniaks initially had standing to bring suit at the time the complaint was filed. The complaint alleged, inter alia, that United Materials disposed of coal fly ash on its own property and dumped such ash into a tributary leading to Ellicott Creek, and that the ash settled on the Stepniaks’ real property and killed several trees. This constitutes a concrete, particularized, and actual or imminent injury, fairly traceable to United Materials’ unlawful conduct, that would be likely to be redressed by the requested relief. See id. at 329, 119 S.Ct. 765.
Moreover, there is no dispute that, despite the inartfully worded complaint, the Stepniaks continue to own a 3.3 acre undeveloped lot located across from United Materials’ facility. By affidavit dated April 14, 2005, John Stepniak averred that at the time the complaint was filed, he and his wife owned two properties on Pavement Road in Lancaster, New York. His *791 residence was located at 592 Pavement Road. A second, undeveloped lot was located 110 feet to the south and had a road frontage of fifty feet. In June 2004, Mr. Stepniak sold the residential property at 592 Pavement Road. However, he remained in possession of the adjoining undeveloped lot directly across from United Materials’ business, and that lot “remain[ed] contaminated with Defendant’s coal fly ash.”
While we understand the district court’s frustration with the wording of the complaint, we do not believe that the fact that it referred to the Stepniaks’ “real property” and to the 592 Pavement Road address, rather than the two separate lots that the Stepniaks initially owned, is dis-positive. First, when construed in the light most favorable to the Stepniaks, the complaint, which references the Stepniaks’ real property located adjacent to United Materials’ business, could be read to include the undeveloped lot as part of the property the Stepniaks owned on Pavement Road. Second, courts may rely on affidavits and other evidence beyond the pleadings to establish standing and address questions of mootness. See, e.g., Dep’t of Commerce, 525 U.S. at 329-30, 119 S.Ct. 765; Arizonans for Official English v. Arizona, 520 U.S. 43, 72-74, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). Here, that includes the affidavit of Mr. Stepniak. Because the Stepniaks continue to own a lot that they allege has been contaminated by United Materials’ coal fly ash, this case is not moot. C.f. Arizonans for Official English, 520 U.S. 43, 117 S.Ct. 1055 (holding that a challenge to a state constitutional amendment declaring English the official language of Arizona became moot when the plaintiff, a state employee who had sought to use her bilingual skills, left state employment to work in the private sector, where her speech was not governed by the amendment, while the case was on appeal); Doyle v. Town of Litchfield, 372 F.Supp.2d 288 (D.Conn.2005) (holding that plaintiff did not have standing to bring suit where he had lost the property that his complaint alleged was contaminated by the town landfill in an unrelated foreclosure proceeding and moved to a different town before the action was ever filed).
We have considered appellee’s other arguments and find them to be without merit. Accordingly, for the foregoing reasons, we VACATE the judgment of the district court dismissing the complaint without prejudice and REMAND the case to the district court for further proceedings consistent with this order. We specifically note and disapprove of the conduct of counsel for United Materials in filing an inadequate brief containing an unhelpful two pages of argument and in failing to appear for the scheduled oral argument. We advise counsel that this conduct does not meet professional standards and should not be repeated in the future.